[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

No. 11-15437
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cv-20046-JAL

ISRAEL RODRIGUEZ VELAZQUEZ,

Plaintiff-Appellant,

versus

BETH WEINMAN,
JOHN BAXTER,
HARLEY LAPPIN,
all in their individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Israel Rodriguez Velazquez brought this action under *Bivins v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971)*,* against Federal Bureau of Prisons personnel claiming that they denied him the equal protection of the laws in violation of the Due Process Clause of the Fifth Amendment when they eliminated the Spanish language from the Residential Drug Abuse Program so that the Program would be delivered only in English. He also claimed that they denied him his First Amendment right to speak the official language of Puerto Rico. (Valazquez, who lived and resided in Puerto Rico until his arrest and conviction for trafficking narcotics, speaks only Spanish.)

The district court referred Valazquez's complaint to a magistrate judge who issued a Report & Recommendation recommending that the district court dismiss the complaint for failure to state a claim for relief. Over Valazquez's objection, the district court adopted the recommendation and dismissed the complaint, agreeing with the magistrate judge that Valazquez "has no constitutional right to vocational, rehabilitative or educational programs. *Franklin v. District of Columbia*, 960 F. Supp. 394, [431] (D.D.C. 1997) (vacated in part on other grounds, [163 F.3d 625 (D.C. Cir. 1998)]) ("The plaintiffs [,i.e., prison inmates,] clearly have no constitutional right to vocational, rehabilitative or educational programs. *See, e.g.*, *Women Prisoners [of the D.C. Department of Corrections v.*

2

*District of Columbia]*, 93 F.3d [910], 927 [(D.C. Cir. 1996]; *Inmates of Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir.1988); *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir.1982); *Hoptowit* [*v. Ray*], 682 F.2d [1237,] 1255 [9th Cir. 1982]. *See generally Palmer*, [*Constitutional Rights of Prisoners* § 10.3, at 188 (5th ed.1996)], supra § 10.2, at 178.")

Valazquez appeals the district court's dismissal of his complaint. For the reasons stated in the cases and authorities relied on by the district court and quoted in the above parenthetical, we agree with the district court that Valazquez failed to state a case for the denial of equal protection under the Due Process Clause or the denial of his First Amendment right to speak.

AFFIRMED.